UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW L. ABAD,

          Petitioner,

   v.                                                 Case No. 04-C-00994

JUDY P. SMITH, Warden,
Oshkosh Correctional Institution

          Respondent.

**DECISION AND ORDER**

      Petitioner Matthew L. Abad, an inmate at Oshkosh Correctional Institution, was convicted of second-degree sexual assault by use of force, contrary to Wis. Stat. § 940.224(2)(a), in Brown County Circuit Court on November 6, 2001. Sentence was withheld, and Abad was placed on probation for five years, with one year in jail as a condition of probation. His probation was later revoked, and he is presently serving a sentence of six years, the first three to be served in confinement. After exhausting his state court remedies, Abad filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Abad's petition will be denied.

**FACTS**

      Abad initially entered a not guilty plea to the sexual assault charge and proceeded to trial. At trial, the victim testified that Abad, whom she had met the day before, was at her house with two of her friends on May 4, 2001. They left the house briefly to get some beer, which Abad paid for.

Shortly after they returned to the house, Abad asked the victim to go outside with him to talk. When she did, Abad pinned her against his car and forcibly assaulted her. When he tried to force her into his car, she was able to escape and went back into the house where she rejoined her friends. Not long after, Abad entered the house and went into the bathroom. When he came out of the bathroom, he retrieved the beer he had purchased earlier from the refrigerator, said good-bye, and left. The victim reported to her friends what had happened, and one of them called the police. (Trial Tr. at 25, 32-35, 43-58.)

On cross-examination of the victim, defense counsel attempted to impeach the victim by noting inconsistencies between her trial testimony and her preliminary hearing testimony, and suggesting that her testimony was implausible. At one point counsel asked the victim whether she had ever been convicted of a crime. In fact, she had been convicted of three counts of forgery several months before trial. However, the prosecutor objected, and after scolding counsel for not obtaining the prior ruling required under Wis. Stat. § 906.09(3), the trial court sustained the objection because the convictions were subsequent to initial reporting of the sexual assault. (Trial Tr. at 83-96.)

The trial continued with the testimony of the victim's two friends who had remained in the house when she and Abad had gone outside. Both testified that the victim appeared upset when she came back into the house and broke down crying when she later recounted what had occurred. (Trial Tr. at 110-112, 134-135.) The State also intended to call as an additional witness a police officer who would have testified that Abad had told him that "no physical contact took place except for the victim 'coming on to him,' and that after he went back inside the residence, he masturbated in her bathroom sink before leaving because he enjoyed masturbating in random areas." (Postconviction Motion Hrg. Tr. at 27.) Before the next witness was called however, defense

2

counsel notified the court that Abad had changed his mind and intended to enter a no-contest plea in return for the State's offer to recommend probation with county jail time. The trial court accepted the plea, excused the jury and set the matter for sentencing. (Trial Tr. at 142-47; Sentencing Tr. at 5.)

Prior to sentencing, Abad moved to withdraw his plea on the ground that the trial court had erred in ruling that the victim's prior convictions were not admissible. The trial court concluded that its evidentiary ruling was correct and denied the motion. (2-10-02 Motion Hearing Tr. at 26-28.) The trial court then withheld sentence, consistent with the State's recommendation, and placed Abad on probation for a period of five years. As a condition of his probation, Abad was required to spend one year in the county jail, six months of which was to be with work release privileges. (Sentencing Hrg. Tr. at 5, 12-14.)

Abad then filed a motion for postconviction relief pursuant to Wis. Stat. § 974.04, claiming that his trial counsel's representation was constitutionally deficient. Abad claimed that his trial counsel was ineffective because he failed to advise him that his no-contest plea would waive his right to appeal the trial court's evidentiary ruling that the victim's prior convictions were not admissible. Abad claimed that had he known he could not challenge the trial court's ruling, he would not have entered a plea. (Postconviction Mot. Hrg. Tr. at 22.) The trial court noted that Abad's decision to change his plea was not made at the time of the evidentiary ruling, but came after two additional witnesses had testified, and that Abad had said nothing about a right to appeal at the time he entered his plea. Although the court's findings are not entirely clear, it appears that the trial court found the evidence insufficient to establish that Abad's decision to change his plea was due to the evidentiary ruling and based on the understanding that he would still be able to appeal. In any

3

event, the trial court denied Abad's motion for postconviction relief, and Abad appealed to the Wisconsin Court of Appeals.

On appeal, the State conceded that the trial court had erred in limiting defense counsel's cross-examination of the victim about her prior convictions. Notwithstanding this concession, the Court of Appeals affirmed Abad's conviction and the trial court's order denying his motion for postconviction relief. The Court of Appeals concluded that "the record supports the trial court's finding that Abad's decision to change his plea did not result from the trial court's limitation on the victim's cross-examination." *State v. Abad*, Appeal No. 02-2929-CR, slip op. at 4 (Wis. Ct. App. July 29, 2003) (Ex. E). The appellate court observed that although Abad did change his plea after the trial court's ruling, "the plea change did not occur until two additional witnesses testified, and just before police officers would have presented damaging and embarrassing testimony about Abad's masturbating in the victim's bathroom sink." *Id.* The court continued:

> The trial was going badly for Abad regardless of the limitation imposed on cross-examining the victim. Abad did not identify any reason for the victim to falsely accuse him, and the other witnesses' testimony strongly corroborates the victim's accusations. Abad's attorney predicted that Abad would be sentenced to prison if he did not accept the prosecutor's offer to plead no contest in exchange for a probation recommendation. Under these circumstances, the trial court reasonably found that Abad changed his plea because the State presented overwhelming evidence of his guilt and a prison sentence was likely. The limitation on the victim's cross-examination did not precipitate the plea change.

*Id.* With this factual underpinning gone, the court concluded that Abad's claims failed. After the Wisconsin Supreme Court denied further review, Abad filed his petition for federal habeas corpus.

**ANALYSIS**

A United States District Court may not grant a petition for a writ of habeas corpus on behalf of a prisoner in custody pursuant to a judgment of a State court unless the prisoner has first

4

exhausted all available State court remedies. Furthermore, federal habeas relief may not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent when "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The state court decision involves an unreasonable application of such law if "the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case," or "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. I must presume that the state courts' factual findings are correct. 28 U.S.C. § 2254(e)(1). This presumption may be rebutted only by clear and convincing evidence. *Id.*; *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000).

Abad claims he is entitled to federal habeas relief on three separate grounds. He first claims that his Sixth Amendment right to confront witnesses against him was violated when the trial court prevented him from impeaching the alleged victim of the offense by questioning her regarding her

5

prior convictions. Next, Abad contends that his Fourteenth Amendment right to due process was violated when the trial court denied his motion to withdraw his plea. Finally, Abad contends he was denied his Sixth Amendment right to effective assistance of counsel as a result of his attorney's failure to advise him that his no contest plea would result in a waiver of his right to appeal the trial court's ruling on the impeachment issue. I will address each in turn.

**a. Confrontation Clause Claim**

Abad claims that his right to confront his accuser under the Fifth Amendment was denied because the trial court ruled he was not allowed to impeach the victim with her prior criminal record. (Pet. at 22.A.) Respondent asserts that (1) this right is procedurally barred due to entry of a plea of no contest and (2) Abad failed to raise the issue in every stage of the state proceedings as required by the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(a). (Ans. at 3.)

Abad's right-to-confrontation claim is procedurally barred by his no contest plea. A federal court will not review a question of federal law decided by a state court if there is an independent state procedural ground that is adequate to support the judgment. *Farmer v. Litscher*, 303 F.3d 840, 846 (7th Cir. 2002). To be considered an independent state procedural ground, the last state court to consider the question must have clearly and expressly relied on procedural default as the basis for its decision. *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993); *Harris v. Reed*, 489 U.S. 255, 263 (1989). "Even when both the merits of a claim and a state procedural bar are discussed together, the state procedural grounds will be determinative if they are clearly presented and they constitute an adequate independent ground for the denial of the state [relief]." *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003).

The Wisconsin Court of Appeals held that Abad waived the right to appeal the evidentiary ruling by entering a no contest plea. "Although direct review of the evidentiary error was waived

6

by the no contest plea, Abad alleged in his presentence motion to withdraw his plea that the plea decision was based on the trial court's erroneous ruling, and we review the trial court's denial of that motion." (Ex. E at 3.) The Court of Appeals clearly states that direct review of the evidentiary ruling was procedurally defaulted. The last court to review the case expressly relied on a procedural default in ruling on the issue; therefore the issue is procedurally defaulted and this federal court will not review it.

**b. Due Process Claim**

Abad claims that his right to due process was denied because the trial court denied both his presentence and postconviction motions to withdraw his no-contest plea. (Pet. at 22.B.) The Constitution requires a plea of guilty to be a voluntary and intelligent choice over other alternatives. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A voluntary plea cannot be induced by threats or misrepresentations and the defendant must be aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). Abad affirmed that he understood the nature of the charge to which he was pleading, the elements involved in the charge, and the constitutional rights he was waiving. Those rights included the right to a jury trial, the right to be found guilty beyond a reasonable doubt, the right to confront witnesses, the right to testify or not to testify, and the right to call witnesses. Abad confirmed that he understood all of this, and thereby acknowledged that he was making a knowing and intelligent choice. (Ex. 73 at 143-4.) Abad does not claim that there were any threats or misrepresentations by the court as to the consequences of the plea. Though Abad alleges that his attorney gave him misguided information about the consequences of his plea, the court clearly explained the consequences and Abad said that he both understood and accepted those consequences. Abad's no-contest plea is therefore constitutionally valid.

7

**c. Ineffective Assistance of Counsel Claim**

Abad claims that his counsel was ineffective for (1) erroneously advising him that he would be able to appeal the evidentiary ruling, and (2) for not advising him that he waived his right to raise the cross-examination issue by pleading no contest. (Pet. at 22.C.) The Sixth Amendment to the Constitution guarantees Abad the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984). In order to succeed on an ineffective assistance of counsel claim, Abad must show (1) that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness and (2) that he was prejudiced as a result**.** See *Id.* at 687. The performance standard gives a wide latitude of permissible attorney conduct, and a prisoner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks deleted); see also *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). If the prisoner has identified specific omissions, the court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. Once the prisoner establishes his counsel's ineffectiveness, he must still demonstrate prejudice. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The first part of the *Strickland* test requires a failure by Abad's counsel to meet the objective standard of reasonableness. *Id.* at 687. The Wisconsin Court of Appeals concluded that Abad had failed to establish this prong of the *Strickland* test. The trial court found that Abad's trial counsel had not erroneously advised Abad that he could appeal the trial court's evidentiary ruling, but had simply failed to tell him that his plea would waive the issue. The Court of Appeals concluded the evidence was sufficient to support the trial court's finding. With respect to counsel's failure to

advise Abad that his plea waived his right to appeal the evidentiary ruling, the Court of Appeals held that the failure to advise a defendant of every collateral consequence of a plea did not constitute ineffective assistance:

> To effectively represent his client at a plea hearing, counsel need not inform a defendant of every collateral consequence of his plea or ... correct his client's unspoken erroneous preconceptions. Abad's trial counsel's failure to anticipate and correct Abad's mistaken beliefs about his appeal rights does not fall below the prevailing norms of practicing attorneys.

(unpublished op. at 5.) Thus, the state court concluded that counsel's representation did not fall below an objective standard of reasonableness.

But even if counsel's advice could be deemed objectively unreasonable, the second part of the *Strickland* test requires the deficient representation to prejudice Abad. To establish this element, Abad must show by a reasonable probability that, but for counsel's deficiency, he would not have pled no contest and instead would have continued with his trial. *Strickland,* 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Abad asserts that he entered into the plea agreement only because he thought he could appeal the evidentiary ruling. Unfortunately for Abad, however, the Court of Appeals found otherwise. The court explicitly held that "[t]he record supported the trial court's finding that Abad's decision to change his plea did not result from the trial court's limitation on the victim's cross-examination." (unpublished op. at Ex. E at 5.) This factual determination is presumed correct in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Abad has failed to rebut the presumption of correctness that attends the State courts' factual findings. In an effort to do so, Abad has attached to his Reply to the respondent's brief in opposition to his petition a January 19, 2005 letter from one Tammi Matsen who states she was present during the recess in the trial when Abad's attorney discussed the possibility of entering a

9

plea. According to Matsen, counsel told Abad he would be able to appeal the trial court's ruling and, had it not been for that advice, Abad would not have changed his plea. (Br. In Reply, App. A.) But Matsen's letter is inadmissible hearsay and her version of the events at trial was never presented to the Wisconsin courts that have ruled on Abad's claims. Absent a showing by Abad that it could not have been discovered earlier (which is doubtful if, as Matsen claims, she was present during the conversation), and that the evidence establishes his actual innocence (which it clearly does not), this new evidence cannot be considered on federal review. 28 U.S.C. § 2254(e)(2); *see also Owens v. Frank*, 394 F.3d 490, 498-99 (7th Cir. 2005). I therefore conclude that Matsen's letter cannot be considered.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** and this action is **DISMISSED.** The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

Dated this __2nd__ day of August, 2005.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge